UNITED STATES DISTRICT COURT

for the District of Columbia

| | |
|---|---|
| Joe Alter,<br>1694 Trafalgar Pl.,<br>Westlake Village,<br>California, 91361,<br>805-657-2211<br>joealterinc@gmail.com<br>Pro Se *Plaintiff*<br><br>v.<br><br>President of the United States.<br>Donald J. Trump,<br>1600 Pennsylvania Avenue NW,<br>Washington, DC 20500<br>*Defendant* | Case: 25-cv-00480 ACR |

---

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Plaintiff respectfully moves for relief from judgment under Fed. R. Civ. P. 60(b)(1) and 60(b)(6) on the grounds of mistake, inadvertence, and extraordinary circumstances warranting reconsideration. Plaintiff's corrected and renewed motion for reconsideration, filed at ECF 68, remains pending before the Court. This motion is submitted in the event the Court does not act upon that motion or in the alternative

**RECEIVED**

AUG 2 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

denies it. Plaintiff respectfully submits that the original judgment was entered in error and based on a mistaken understanding of the legal standards governing presidential immunity and standing under Article III, and that justice requires relief.

I. INTRODUCTION

Plaintiff's action seeks only declaratory relief under 28 U.S.C. § 2201, invoking the Court's jurisdiction under § 1331 and asserting claims rooted in constitutional structure and enforcement of Section 3 of the Fourteenth Amendment. At no point did Plaintiff request injunctive relief, removal from office, or any form of interference with presidential duties. Rather, Plaintiff requests a judicial declaration of disqualification under Section 3—nothing more.

The Court's initial ruling suggested that Plaintiff could not sue a sitting president based on doctrines of presidential immunity and separation of powers. However, the caselaw makes clear that presidential immunity does not bar suits for declaratory relief where no coercive remedy is sought, and where the plaintiff alleges a violation of constitutional limits.

II. DOE v. TRUMP CONTROLS

In Doe v. Trump, 319 F. Supp. 3d 539 (D.D.C. 2018), the district court explicitly held that:

"Although the President is generally immune from injunctions issued by the judiciary, the Court does not find that the President must be dismissed from this action at this juncture, especially as Plaintiffs also seek declaratory relief." Id. at 541.

And further:

"A declaratory judgment stating that the President's policy or position is unconstitutional does not direct the President to act or refrain from acting." Id.

This case flatly contradicts the Court's assertion at the July 21, 2025 hearing that the President could not be named in a civil suit, and that such suit would be barred by immunity. Plaintiff raised this distinction orally, but did not have the citation to Doe readily available at the hearing. The Court should now take judicial notice of the case and reconsider its ruling in light of the controlling precedent.

III. ARTICLE III JURISDICTION IS PRESENT

Plaintiff also respectfully reasserts that the Court's statement—that there is no Article III jurisdiction in the absence of a statute to be adjudicated—misapprehends the role of the judiciary under Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803), and Bond v. United States, 564 U.S. 211 (2011). In Bond, the Court recognized an individual's right to challenge unconstitutional exercises of government power even absent an express statutory cause of action. The structural and supremacy claims raised here—namely that Defendant is disqualified from office

by the self-executing text of Section 3—fall squarely within the Court's core jurisdiction to "say what the law is."

The relief sought is not barred by presidential immunity, is not prudentially foreclosed, and is firmly within the zone of interests protected by the Fourteenth Amendment.

## IV. RECENT SUPREME COURT ACTION CONFIRMS THE WEIGHT OF JUDICIAL INTERVENTION

The Supreme Court recently stayed a district court order reinstating a removed executive branch official in Trump v. Boyle, No. 25A11 (U.S. July 2025), holding that:

"[T]he government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty."

Although Plaintiff disagrees with the outcome in Boyle, this reasoning underscores the foundational principle that the risk posed by unconstitutional or unfit officeholders outweighs the harms of judicial scrutiny. This directly supports Plaintiff's position that Section 3 of the Fourteenth Amendment must be enforced in the courts—not ignored in the name of restraint.

## V. IMPROPER SUA SPONTE DISMISSAL AND STRUCTURAL BIAS AGAINST PRO SE CLAIMS

The Court's sua sponte dismissal without addressing Plaintiff's threshold standing arguments constitutes reversible error under Neitzke v. Williams, 490 U.S. 319 (1989), Denton v. Hernandez, 504 U.S. 25 (1992), and Erickson v. Pardus, 551 U.S. 89 (2007). These decisions make clear that federal courts may not dismiss complaints solely because they are uncomfortable or disfavored, particularly when they assert constitutional violations and request non-coercive relief.

Here, the Court appears to have dismissed not on the legal merits of the claims but based on skepticism about who filed the complaint and against whom—a pro se litigant seeking declaratory relief against a sitting president. That reasoning is impermissible. The identity of the litigant, or the political gravity of the defendant, cannot substitute for a proper legal analysis of Article III standing or the plausibility of the constitutional claim.

In Erickson, the Supreme Court emphasized that pro se pleadings must be read liberally and evaluated on their legal sufficiency, not on assumptions about the litigant's ability or status. Denton and Neitzke further prohibit dismissal based on judicial suspicion or unease where the complaint presents a cognizable constitutional theory.

Plaintiff's pleadings explicitly invoked enforceable constitutional provisions—namely Section 3 of the Fourteenth Amendment—and were supported by controlling precedent including Bond, Lexmark, and Anderson. To dismiss such claims without addressing their legal substance, based on perceived judicial discomfort or the political nature of the defendant, is a structural error warranting reconsideration.

## VI. THE COURT RETAINS JURISDICTION

Finally, Plaintiff notes that although a Notice of Appeal has been filed, the appellate docket has not been perfected through payment of fees or docketing by the D.C. Circuit, and thus the Court retains jurisdiction to rule on this motion. See United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (district court retains jurisdiction to adjudicate Rule 60 motions even after notice of appeal if the appeal has not yet divested jurisdiction).

## VII. CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court grant relief from judgment under Rule 60(b), reconsider its prior rulings, and reinstate the case for further proceedings.

Dated: August 2, 2025

Respectfully submitted,

/s/ Joe Alter, pro se